UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

JENNIFER R.,

                              Plaintiff,                    DECISION AND ORDER

                                                           20-CV-0685L

            v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.

———————————————————————————


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

        On August 26, 2016, plaintiff filed an application for supplemental security income,

alleging an inability to work since August 25, 2015. (Dkt. #7 at 12). Her application was initially

denied. Plaintiff requested a hearing, which was held on August 22, 2018 via videoconference

before Administrative Law Judge ("ALJ") Benjamin Chaykin. The ALJ issued an unfavorable

decision on January 23, 2019, concluding that plaintiff was not disabled under the Social Security

Act. (Dkt. #7 at 12-21). That decision became the final decision of the Commissioner when the

Appeals Council denied review on April 7, 2020 (Dkt. #7 at 1-3). Plaintiff now appeals.

        The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the

ALJ's decision and remanding the matter for further proceedings (Dkt. #9), and the Commissioner

has cross moved for judgment dismissing the complaint (Dkt. #12). For the reasons set forth below,

the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born August 1, 1976, and was 39 years old on the alleged onset date, with a high school education and past relevant work as a grocery store cashier. (Dkt. #7 at 20). Her treatment records reflect a history of mental impairments including affective disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"), which the ALJ found to be severe impairments not meeting or equaling a listed impairment.

In applying the special technique, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a moderate limitation in adapting or managing herself. (Dkt. #12-2 at 15).

The ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, but is limited to simple, routine tasks involving no more than occasional interaction with supervisors, coworkers, and the public. (Dkt. #7 at 17).

When presented with this RFC at the hearing, vocational expert ("VE") Sharon D. Ringenberg testified that a person with this RFC could perform the representative positions of

routing clerk, housekeeper cleaner, and office helper. (Dkt. #7 at 20). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of the Opinions of Record Concerning Plaintiff's Mental RFC

Plaintiff first argues that the ALJ erred by failing to properly apply the treating physician rule to the opinions of plaintiff's treating psychiatrist.

The "treating physician rule," which is applicable to the analysis of claims which were filed on or before March 27, 2017, provides that a treating physician's opinion is entitled to controlling weight where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §404.1527(c)(2). In determining the weight to be afforded to a treating physician's medical opinion, the ALJ must consider several factors, including: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the consistency of the opinion with the record as a whole; (4) whether the opinion is from a specialist; and (5) other factors that tend to support or contradict the opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). Whatever weight the ALJ assigns to the treating physician's opinion, he must "give good reasons" for his determination. 20 C.F.R. §404.1527 (c)(2).

An ALJ's failure to explicitly consider the relevant factors in assigning weight to a treating physician's opinion, or to give good reasons for the weight he assigns, can constitute grounds for a remand. *See Wagner v. Commissioner*, 435 F. Supp. 3d 509, 514-15 (W.D.N.Y. 2020).

Here, the ALJ afforded "limited" weight to the opinion of plaintiff's treating psychiatrist Dr. Jeffrey Kashin, who opined in or about November 2015 that due to panic disorder and bipolar disorder, plaintiff was "very limited" with respect to social interaction, maintaining appropriate

behavior, and functioning at a consistent pace. (Dkt. #7 at 797-98). In so doing, the ALJ explained that the opinion (which did not identify the length or nature of plaintiff's treatment history with Dr. Kashin) was inconsistent with plaintiff's mental health treatment notes, which generally contained unremarkable mental status examinations. Even when presenting as depressed or anxious, plaintiff was repeatedly noted to display a cooperative attitude, appropriate affect, clear thought processes, normal speech, fair to grossly intact attention and concentration, and adequate to grossly intact memory, judgment, insight, and impulse control, with a consistently "low" potential for "acting out." (Dkt. #7 at 16). *See* Dkt. #7 at 577, 579, 583, 586-88, 593-94, 595-96, 599, 601, 605, 603-10, 617-23, 623, 625-34, 641-52, 664, 670, 677, 682, 685, 689, 693. Dr. Kashin's opinion was also inconsistent with plaintiff's self-reported activities of daily living, which included taking public transportation, shopping and performing housework, and with the opinion plaintiff's treating social worker, Laura Powers, who assessed plaintiff's limitations in social interaction, concentration and attention, and stress as no more than moderate. (Dkt. #7 at 811-12).

Because Dr. Kashin's opinion was soundly contradicted by the objective findings contained in plaintiff's mental health treatment records, as well as with her activities of daily living and other opinion evidence, the inconsistencies between them furnished good reasons for the weight assigned by the ALJ. *See Terrance V. v. Commissioner*, 2021 U.S. Dist. LEXIS 25749 at *13 (W.D.N.Y. 2021) (ALJ's observations that physician's opinions were inconsistent with examination findings and treatment notes comprise "good reasons" for diminishing the weight given to that opinion); *Gomez v. Saul*, 2020 U.S. Dist. LEXIS 244046 at *90-*91 (S.D.N.Y. 2021) (same).

I similarly find no error in the ALJ's grant of "little" weight to the opinion of plaintiff's treating mental health nurse, Sarah Conboy.[1] Ms. Conboy rendered an opinion on August 24, 2018, describing serious limitations in attention and concentration, performing at a consistent pace, getting along with others, acting in a socially appropriate manner, traveling, and coping with detailed instructions and work stresses, and a complete inability to complete a normal workday or workweek, with the likelihood of missing more than four days per month due to symptoms. (Dkt. #7 at 870-74). As a non-acceptable source, Ms. Conboy's opinion was not entitled to controlling weight. Furthermore, as the ALJ noted, Ms. Conboy's opinion was inconsistent with plaintiff's treatment notes and activities of daily living.

In short, the ALJ's characterization of the opinions of two of plaintiff's treating mental health care providers and their consistency with the record (or lack thereof) was not erroneous, and he sufficiently set forth "good reasons" for declining to afford greater or controlling weight to those opinions.

Plaintiff also argues that the ALJ erred in declining to credit the "marked" limitation in dealing with stress opined by consulting psychologist Dr. Janine Ippolito. Dr. Ippolito examined plaintiff on October 27, 2016, and found that plaintiff could follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, follow a schedule, and perform complex tasks with no limitations. Dr. Ippolito found that plaintiff was moderately limited in making appropriate decisions and markedly limited in dealing with stress. (Dkt. #7 at 548-52).

---

[1] Plaintiff also claims that the ALJ failed to properly weigh an "opinion" by treating mental health counselor Jacob Cole. (Dkt. #7 at 808). The document to which plaintiff refers is a brief note requesting that plaintiff be excused from work due to "mental health related issues." *Id.* As such, it is little more than an opinion as to the ultimate issue of disability, which is reserved for the Commissioner, and the ALJ's failure to credit it was entirely proper.

The ALJ gave Dr. Ippolito's opinion "moderate" weight, crediting her opinion that plaintiff was moderately limited in making appropriate decisions, but finding that plaintiff's examination records, which generally indicated intact insight, judgment, and impulse control, did not support greater than moderate stress-related limitations, and that the record further supported limitations with respect to complex tasks, which Dr. Ippolito had not identified. (Dkt. #7 at 18-19).

I find that the reasons given by the ALJ for not incorporating greater than moderate stress-related limitations into his RFC finding are sufficiently explained and supported by the record: as noted above, objective assessments of plaintiff's attitude, affect and thought processes were consistently normal, even when plaintiff presented as anxious or depressed.

In sum, I find that the various weights given to the medical opinions of record concerning plaintiff's mental RFC did not traverse the substance of the treating physician rule, were explained by good reasons, were supported by substantial evidence, and were not the result of legal error.

### III.    The Effect of Plaintiff's Non-Severe Impairments

At Step Two of his analysis, the ALJ discussed plaintiff's diagnoses of irritable bowel syndrome, gastritis, asthma, vitamin D deficiency, migraines, cervicalgia (mild neck pain), mild levoscoliosis (spinal curvature), chronic pain syndrome, substance abuse disorder, and edema, but found them to be non-severe impairments. (Dkt. #7 at 14).

An ALJ is required to "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish disability. *Melendez v. Commissioner*, 2020 U.S. Dist. LEXIS 131543 at *8 (W.D.N.Y. 2020)(citing 20 C.F.R. §§404.2534(c), 416.923(c)). Plaintiff claims that the ALJ's RFC finding, which contained no exertional limitations, failed to account for the limitations caused by plaintiff's non-severe impairments, and that remand is therefore required.

The Court concurs.

Initially, the Court is not convinced that the ALJ could have made a severity determination that was supported by substantial evidence, because the ALJ rejected both of the medical opinions of record concerning plaintiff's physical RFC, and took no note of relevant clinical findings.

Granted, the ALJ's failure to credit the first of those opinions – that of Dr. Kashin – was entirely proper. Although Dr. Kashin checked boxes on a form indicating "moderate" limitations in almost every exertional and postural category (e.g., sitting, standing, pushing, pulling), Dr. Kashin was plaintiff's psychiatrist: he never diagnosed or treated any of plaintiff's physical ailments, and does not appear to have performed any physical examinations or testing, either in connection with his opinion, or in the course of treating the plaintiff. (Dkt. #7 at 798). Because the opinion was not supported by any relevant treatment history or a comprehensive physical examination, the ALJ did not err by declining to give it controlling weight.

However, the ALJ also discounted the opinion of consulting internist Dr. David Brauer, the only physician of record to administer a comprehensive physical examination and render a physical RFC assessment. Dr. Brauer examined plaintiff on October 27, 2016 and opined "mild to moderate limitations in the claimant's ability to push, pull, lift, or carry heavy objects or to perform activities with repetitive bending due to chronic low back pain and scoliosis," and indicated that plaintiff "should avoid dust, smoke, allergens, or other respiratory irritants due to a history of asthma." (Dkt. #7 at 545). The ALJ found that Dr. Brauer's opinion was insufficient to establish any physical or postural or environmental limitations, because he found it "inconsistent" with Dr. Brauer's grossly normal examination findings, and with "treating source records" which the ALJ did not identify. (Dkt. #7 at 18).

7

While the ALJ was correct that Dr. Brauer's examination did not yield abnormal findings, Dr. Brauer's opinion as to plaintiff's limitations was, as he explained, based upon his knowledge of plaintiff's medical history of low back pain (attributed to scoliosis) and asthma. These diagnoses are well-documented by the medical record, which also contained spinal x-ray studies confirming mild levoscoliosis of the lumbar spine. As such, the absence of supportive examination findings did not, standing alone, present a sufficient reason for the ALJ to reject Dr. Brauer's opinion concerning the exertional limitations that were necessary to prevent the onset or exacerbation of scoliosis-related back pain or asthma symptoms.

Furthermore, assuming *arguendo* that the ALJ's finding of non-severity for plaintiff's physical impairments was proper, there is no evidence that the ALJ ever considered the combined impact of plaintiff's severe and non-severe impairments in making his RFC finding. *See Parker-Grose v. Astrue*, 462 Fed. App'x 16 (2nd Cir. 2012); 20 C.F.R. §404.1545(a)(2) ("[w]e will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' ... when we assess your [RFC]....").

I therefore conclude that remand is necessary, for the limited purpose of reassessing the existence and impact of plaintiff's exertional, postural, and environmental limitations.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #9) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. This matter is remanded for further proceedings, for the limited purpose of reassessing the existence and impact of plaintiff's exertional, postural and environmental limitations, beginning with a Step 2 redetermination of whether any of plaintiff's physical

8

diagnoses and conditions (including but not limited to scoliosis and asthma) are severe impairments, and a reassessment of plaintiff's RFC, to include analysis of whether and to what extent plaintiff's severe *and* non-severe physical diagnoses and conditions impose limitations on her ability to perform work-related functions.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 3, 2021.